IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. KELLY, #171049, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:24-CV-201-BL-CSC ) |
| LT. BENNETT, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Eddie J. Kelly, an inmate proceeding *pro se* and *in forma pauperis*, filed an Amended Complaint under 42 U.S.C. § 1983. Doc. 17. Upon review of the Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], and for the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED prior to service of process as frivolous.

**I.   THE AMENDED COMPLAINT**

The Amended Complaint alleges that, at some point between January and March of 2022 or 2023—Plaintiff states that he cannot remember the date and year—while incarcerated at Staton Correctional Facility, he realized his cigarettes were missing. He alleges:

> I were about to be transfer from Staton Fac. when I notice Lt. Bennett didn't put my either property in which my other property which I had being asking

---

[1] Under these statutes, the Court is required to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

> him in he said he place it in my property[.] I have the Officer [illegible] in inmates who where in the cell here Lt. Bennett tell me he were put my 1 pack of Newports and four packs of Top's in my property.[]
>
> I were placed in lock-up the staff responsible for my property I can't have in lock-up . . . don't give inmate a copy of what they recover from your locker box[.] Lt. Bennett got my 1 pack of Newports and four Top's off me in said: will place them with your other property! In once I got ready to transfer it wasn't in my property as Lt. Bennett told me and the officer who were working[.]

Doc. 17 at 5. Plaintiff informed the Warden that "Lt. Bennett said he put [Plaintiff's] 1 pack of Newports and four Top's in [his] property in they not there," and "it almost cost [Plaintiff] to behavior badly about [his] property." *Id*. at 8.

Plaintiff states that he "don't no what constitutional statutes or right(s)" were violated based on these events. *Id*. at 3. He claims he brought this issue before the Board of Adjustment, but his claim was dismissed because "both parties said it must got misplace or lost so they word isn't enough proof that Lt. Bennett took [Plaintiff's] property." *Id*. As relief, he seeks $200,000 from each of the named defendants for the "suffering in pain it cause [him]." Doc. 17-2 at 4, 6.

## II.   DISCUSSION

To state a claim under § 1983, a plaintiff must demonstrate a violation of his "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). The right implicated by the deprivation of property is the denial of due process of law as provided by the Fourteenth Amendment. *Holt v. Givens*, 757 F. App'x 915, 921 (11th Cir. 2018). The Fourteenth Amendment protects against deprivations of life, liberty, or property by a State without due process of

law. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330 (1986). However, "[n]othing in [the Fourteenth Amendment] protects against all deprivations of life, liberty, or property by the State. [It] protects only against deprivations without due process of law." *Parratt*, 451 U.S. at 537 (quotation marks omitted).

A deprivation of property resulting from a state employee's negligence or lack of due care does not violate the Fourteenth Amendment. *Daniels*, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of . . . property."). And "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 532 (1984). When a pre-deprivation hearing is impractical due to the "random, unauthorized act by a state employee," a post-deprivation remedy satisfies due process because it is impossible for the State to predict when a loss will occur. *Id*. Some post-deprivation remedies that have satisfied due process are administrative procedures, *Parratt*, 451 U.S. at 543–44, or ordinary state tort litigation procedures, *Hudson*, 468 U.S. at 535.

In the instant action, it is unclear whether Plaintiff believes the deprivation of his cigarettes by Lt. Bennett was intentional or unintentional. To the extent he believes it was unintentional, any resulting deprivation did not violate his due process rights under the Fourteenth Amendment. *See Daniels*, 474 U.S. at 333. To the extent he believes it was intentional, his claim must nevertheless fail because an adequate post-deprivation

procedure was available to him at the time of the deprivation. *See Tinney v. Shores*, 77 F.3d 378, 382 n.1 (11th Cir. 1996). Indeed, Plaintiff has made clear that he <u>used</u> a post-deprivation administrative procedure when he filed a claim with the Alabama Board of Adjustment, which is an adequate post-deprivation remedy.

The Eleventh Circuit has specifically recognized that Alabama law provides an adequate post-deprivation remedy for the loss of property caused by state officials through the Board of Adjustment. *Smith v. Governor for Ala.*, 562 F. App'x 806, 817–18 (11th Cir. 2014) (holding that the Alabama Board of Adjustment, Ala. Code § 41-9-60, et seq., provides a meaningful post-deprivation remedy through which a state inmate may seek relief for the loss or denial of property even though a recovery may not be the equivalent of a § 1983 action); *Holt*, 757 F. App'x at 922 (same). The post-deprivation remedy need not be presently available to Plaintiff to determine whether the deprivation was with or without due process; it need only be available at the time the deprivation occurred. *See Parratt*, 451 U.S. at 543–44

Because it is clear that an adequate post-deprivation remedy was available to Plaintiff at the time of the alleged deprivation, Plaintiff was not without due process. Accordingly, this 42 U.S.C. § 1983 action is due to be dismissed as frivolous. *See, e.g., Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (dismissing a deprivation of property claim as frivolous because the inmate had a conversion action available under Florida law).

### III. CONCLUSION

Because Plaintiff's claims fail as a matter of law, the undersigned concludes that any further amendment would be futile. *See Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) ("Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal.") (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

Accordingly, for the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS that this action be DISMISSED prior to service of process as frivolous.

It is further ORDERED that, on or before **February 9, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc), *overruled by Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded*

*by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

    DONE this 26th day of January, 2026.

                                   /s/ Charles S. Coody
                                   CHARLES S. COODY
                                   UNITED STATES MAGISTRATE JUDGE