IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDDIE J. KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-00201-BL-SMD |
| | ) |
| LT. BENNETT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Eddie J. Kelly, an inmate proceeding *pro se* and *in forma pauperis*, filed an Amended Complaint under 42 U.S.C. § 1983. (Doc. 17). On December 5, 2025, the Magistrate Judge recommended that the court dismiss as frivolous the Plaintiff's case prior to service of process. (Doc. 22). The Plaintiff filed objections to the recommendation. (Doc. 23).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to

"make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In his objections, the Plaintiff merely restates facts that the Magistrate Judge considered in his recommendation and fails to challenge a specific factual finding or legal conclusion of the Magistrate Judge. Because the Plaintiff failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** the Plaintiff's objections, (doc. 23).

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge and **DISMISSES** this action **WITH PREJUDICE** as frivolous prior to service of process.[1] The Court agrees with the Magistrate Judge that because the Plaintiff's claims fail as a matter of law, any further amendment would be futile.

---

[1] The Magistrate Judge's recommendation is silent as to whether to dismiss the action with or without prejudice. Here, because any further amendment would be futile, the court dismisses the action with prejudice. *See Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (stating that the "general rule against dismissal with prejudice without notice does not apply if the claim is patently frivolous or if amendment would be futile").

The Court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 25th day of February, 2026.

_____
BILL LEWIS
UNITED STATES DISTRICT JUDGE